## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**BRADLEY BALLARD**                                                          **PLAINTIFF**

**V.**                                     CIVIL ACTION NO. 3:10CV530 TSL-FKB

**AMERICAN OPTICAL CORPORATION;**
**MINE SAFETY APPLIANCES, INC.;**
**MISSISSIPPI RUBBER & SPECIALTY COMPANY;**
**SHERWIN-WILLIAMS COMPANY;**
**JOHN DOE DEFENDANTS 1-500; AND**
**JOHN DOE CORPORATE DEFENDANTS 1-500**                       **DEFENDANTS**



### NOTICE OF REMOVAL

Defendant Mine Safety Appliances Company ("MSA"), by and through counsel, hereby gives

notice of the removal of this action from the Circuit Court of the First Judicial District of Hinds

County, Mississippi to the United States District Court for the Southern District of Mississippi,

Jackson Division. In support of its Notice of Removal, MSA states as follows:

1.      This action was originally commenced by Plaintiff on June 8, 2010, through the filing

of a Complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, styled

*Bradley Ballard v. American Optical Corporation; Mine Safety Appliances, Inc.; Mississippi Rubber*

*& Specialty Company; Sherwin-Williams Company; John Doe Defendants 1-500; and*

*John Doe Corporate Defendants 1-500;* being Civil Action No. 251-10-440CIV.

2.      The United States District Court for the Southern District of Mississippi, Jackson

Division, is the court and division embracing the place wherein such action is pending in state court.

3.      This removal is effected and has been timely filed within thirty (30) days of the

removing Defendant being served with process and within one (1) year after commencement of the

action, as allowed by 28 U.S.C. § 1446(b).

4.      This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446.

### Diversity of Citizenship Jurisdiction

5.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Further, all properly joined parties have joined and consent to this removal.

6.      At the time of the filing of the Complaint, Plaintiff Bradley Ballard was an adult resident citizen of Pearl, Rankin County, Mississippi.

7.      At the time of the filing of the Complaint and at all times thereafter, Defendant American Optical Corporation was and is incorporated under the laws of the State of Delaware. However, said Defendant does not maintain either a regular place of business or an agent for service of process in this state.

8.      At the time of the filing of the Complaint and at all times thereafter, Defendant MSA was and is incorporated under the laws of the State of Pennsylvania.  However, MSA does not maintain either a regular place of business or an agent for service of process in this state.

9.      At the time of the filing of the Complaint and at all times thereafter, Defendant Mississippi Rubber & Specialty Company  ("Mississippi Rubber") was and is a Mississippi corporation.  As noted herein, Plaintiff has stated no possible basis for recovery against Mississippi Rubber, and it has been fraudulently joined in this action solely for the purpose of defeating diversity of citizenship jurisdiction in this matter.  Accordingly, its citizenship should be disregarded for purposes of determining diversity of citizenship jurisdiction in this matter. *See* 28 U.S.C. § 1441(b).

10.    At the time of the filing of the Complaint and at all times thereafter, Defendant Sherwin-Williams Company ("Sherwin-Williams") was a foreign corporation that has done and/or is doing business in the State of Mississippi.

11.    In the Complaint, Plaintiff alleges that, while working as a painter with Forena Road Boring throughout the City of Jackson, Mississippi, he was exposed to materials that contained asbestos and that such materials were in a defective and hazardous condition.  Complaint at ¶ 12.

12.    Plaintiff alleges that all Defendants except Mississippi Rubber either supplied paint products and materials to which he was exposed, or sold defective respiratory or other equipment "that was used around asbestos."  Complaint at ¶ 11 A, B and D.  Plaintiff alleges that Mississippi Rubber "supplied insulation and gasket materials to which Plaintiff was exposed."  Complaint at ¶ 11 C.

13.    Based on these allegations, Plaintiff asserts claims against Defendants for strict liability; negligence; breach of warranties, fraudulent concealment, misrepresentation, alteration of medical studies and conspiracy.  Plaintiff seeks to recover compensatory damages, punitive damages, prejudgment interest and costs.

14.    Upon information and belief, Mississippi Rubber did not supply asbestos-containing insulation or gasket material during the exposure period alleged by Plaintiff in the Complaint, or at such times as would have led to exposure by Plaintiff as set forth in the Complaint. As a result, Plaintiff has no possibility of recovery against Mississippi Rubber.

15.    Even if Mississippi Rubber supplied asbestos-containing materials to which Plaintiff was exposed, as a supplier of allegedly defective materials, Mississippi Rubber is immune from liability under the provisions of Mississippi's Products Liability Act, Miss. Code Ann. § 11-1-63 *et. seq*. If Mississippi Rubber sold or supplied any defective products to which Plaintiff was exposed,

and if such exposure was the proximate cause of any damage to Plaintiff, Mississippi Rubber was an innocent seller and mere conduit of the products as a matter of Mississippi law. As a result, Mississippi Rubber is immune from suit under Miss. Code Ann. §§ 11-1-63 *et. seq.*

16.    Furthermore, the action and conduct of Mississippi Rubber is unrelated and has no nexus to the conduct of the other Defendants as alleged in the Complaint. Because the conduct and actions of Mississippi Rubber is unrelated to the alleged actions of the other Defendants, Mississippi Rubber has been fraudulently misjoined as a Defendant in this case for the sole and improper purpose of defeating diversity jurisdiction. For this additional reason, the citizenship of Mississippi Rubber should be disregarded for the purpose of determining diversity of citizenship jurisdiction.

17.    As a matter of law, there is no reasonable possibility that Plaintiff has stated any possible basis for recovery against Mississippi Rubber. Based upon the facts alleged in the Complaint, therefore, Plaintiff has stated no legally cognizable basis for recovery against Mississippi Rubber as a matter of law.

18.    Accordingly, Mississippi Rubber's citizenship should be disregarded and complete diversity of citizenship existed at the time of the filing of the Complaint, and at all times thereafter, between Plaintiff and the other Defendants.

19.    As set forth in Plaintiff's Complaint, the amount in controversy exceeds $75,000, exclusive of costs and interest. Plaintiff seeks compensatory damages, including, among other things, damages for pain and suffering, ongoing medical treatment, present and future disability, impairment of wage earning capacity, lost wages, and emotional distress. Complaint at ¶ 53. Plaintiff also seeks an award of punitive damages. Complaint at ¶ 54.

20.    Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein

-4-

the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

21.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi.

22.     A copy of all pleadings previously filed in the state court action and/or all process, pleadings, and orders served on the removing Defendants is attached hereto as Exhibit "A." Pursuant to L.U.Civ.R. 5(b)(1), within fourteen (14) days of the docketing of this Notice of Removal in the electronic filing system, MSA will electronically file a complete copy of the state court record with the Court.

23.     Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall be had in this matter in the Circuit Court of the First Judicial District of Hinds County, Mississippi.

This, the 24th day of September, 2010.

Respectfully submitted,

MINE SAFETY APPLIANCES COMPANY

BY: WELLS, MOORE, SIMMONS & HUBBARD, PLLC

BY: _____

CHARLES R. WILBANKS, JR. (MSB No. 7193)

Of Counsel:
Matthew R. Dowd (MSB No. 101928)
WELLS, MOORE, SIMMONS & HUBBARD, PLLC
Highland Bluff North
4450 Old Canton Road, Suite 200 (39211)
Post Office Box 1970
Jackson, MS 39215-1970
Telephone: (601) 354-5400
Telecopier: (601) 355-5850
*Attorneys for Mine Safety Appliances Company*

## CERTIFICATE OF SERVICE

I, Charles R. Wilbanks, Jr., do hereby certify that I have this day mailed, by United States mail, postage prepaid, or e-mailed a true and correct copy of the above and foregoing to:

R. Allen Smith, Jr., Esq.
THE SMITH LAW FIRM, P.L.L.C
681 Towne Center Blvd., Suite B.
Ridgeland, MS 39157

Timothy W. Porter, Esq.
Johnny T. Givens, Esq.
PORTER & MALOUF, P.A.
P.O. Box 12768
Jackson, MS 39236
     *Attorneys for Plaintiffs*

Joseph G. Baladi, Esq.
Walter T. Johnson, Esq.
Robert B. Ireland, III, Esq.
Corey D. Hinshaw, Esq.
Michael O. Gwin, Esq.
WATKINS & EAGER, PLLC
P.O. Box 650
Jackson, MS 39205
     *Attorneys for American Optical Corporation*

Louis B. Lanoux, Esq.
WATKINS & EAGER, PLLC
P.O. Box 650
Jackson, MS 39205
     *Attorney for Sherwin-Williams Company*

Karl Steinberger, Esq.
HEIDELBERG, STEINBERGER, COLMER & BURROW
P.O. Drawer 1407
Pascagoula, MS 39568-1407
     *Attorney for Mississippi Rubber & Specialty Company*

Mrs. Barbara Dunn
HINDS COUNTY CIRCUIT CLERK
FIRST JUDICIAL DISTRICT
P.O. Box 327
Jackson, MS 39205

This the 24th day of September, 2010.

CHARLES R. WILBANKS, JR.

*laa:crw\silica\msa\bradley ballard\notice of removal*